**Harold STEELE et al., Appellees,**

v.

**Hugh WATERS et al., Appellants.**

Supreme Court of Tennessee.

Aug. 20, 1975.

Blackburn, McCune & Sutherland, Nashville, for appellees.

R. A. Ashley, Jr., Atty. Gen., C. Hayes Cooney, Chief Deputy Atty. Gen., for appellants.

Robert W. Weismueller, Jr., Nashville, Frederic S. LeClercq, Knoxville, W. Harold Bigham, Robert D. Kamenshine, Vanderbilt Law School, Nashville, for amicus curiae.

PER CURIAM.

Hugh Waters, Chairman of the Textbook Commission of the State of Tennessee, and others, have appealed from the decree of the Chancery Court of Davidson County, Tennessee declaring unconstitutional the second and third paragraphs of Chapter 377 of the Public Acts of 1973 (codified as an Amendment to T.C.A. § 49–2008)[1] as being violative of the first amendment to the United States Constitution and Article 1, Section 3, of the Constitution of Tennessee, and permanently enjoining the enforcement and execution of the statute.

During the pendency of the appeal, the United States Court of Appeals for the Sixth Circuit rendered an opinion in an action brought by *Daniel (Arthur W. Jones, Larry Ray Wilder, and the National Association of Biology Teachers) v. Waters (Textbook Commission of the State of Tennessee and other officials of the State)*, 515 F.2d 485, to challenge the constitutionality of Chapter 377 of the Public Acts of 1973. In the opinion, the Sixth Circuit Court of Appeals concluded that the Act in issue was "unconstitutional on its face." Specifically, the Court held:

(1) ". . . [T]he provisions of the Tennessee statute are obviously in violation of the first Amendment prohibition on any law 'respecting the establishment of religion' as that phrase has been authoritatively interpreted in *Epperson v. Arkansas*, 393 U.S. 97 [89 S.Ct. 266, 21 L.Ed.2d 228] (1968), and *Lemon v. Kurtzman*, 403 U.S. 602 [91 S.Ct. 2105, 29 L.Ed.2d 745] (1971);"

(2) ". . . [T]he exclusion at the end of Section 1 of the statute would inextricably involve the State Textbook Commission in the most difficult and hotly disputed Chief Justice Burger's third standard [set out in *Lemon v. Kurtzman*, 403 U.S. 602, 612–613 [91 S.Ct. 2105] (1971)]. Throughout human history the God of some men has frequently been regarded as the Devil incarnate by men of other religious persuasions. It would be utterly impossible for the Textbook Commission to determine which religious theories were 'occult' or 'satanical' without seeking to resolve the theologians through the ages.

"The requirement that some religious concepts of creation, adhered to presumably by some Tennessee citizens, be excluded on such grounds in favor of the Bible of the Jews and the Christians represents still another method of preferential treatment of particular faiths by state law and, of course, is forbidden by the establishment Clause of the First Amendment."

The officials of the State of Tennessee did not seek a review of the holding of the Sixth Circuit Court of Appeals by filing a

---

1. These amendments read as follows:

Any biology textbook used for teaching in the public schools, which expresses an opinion of, or relates to a theory about origins or creation of man and his world shall be prohibited from being used as a textbook in such system unless it specifically states that it is a theory as to the origin and creation of man and his world and is not represented to be scientific fact. Any textbook so used in the public education system which expresses an opinion or relates to a theory or theories shall give in the same textbook and under the same subject commensurate attention to, and an equal amount of emphasis on, the origins and creation of man and his world as the same is recorded in other theories, including, but not limited to, the Genesis account in the Bible. The provisions of this section shall not apply to use of any textbook now legally in use, until the beginning of the school year of 1975–1976; provided, however, that the textbook requirements stated above shall in no way diminish the duty of the state textbook commission to prepare a list of approved standard editions of textbooks for use in the public schools of the state as provided in this section. Each local school board may use textbooks or supplementary material as approved by the state board of education to carry out the provisions of this section. The teaching of all occult or satanical beliefs of human origin is expressly excluded from this section.

Provided however that the Holy Bible shall not be defined as a textbook, but is hereby declared to be a reference work, and shall not be required to carry the disclaimer above provided for textbooks.

petition for certiorari in the Supreme Court of the United States.

We concur in the holding of the Sixth Circuit Court of Appeals that Chapter 377 of the Public Acts of 1973 violates the First Amendment to the United States Constitution, and further hold that for the same reasons, the Act violates Article 1, Section 3, of the Constitution of the State of Tennessee as held by the Chancellor.

Accordingly, the decree of the Chancery Court of Davidson County is affirmed. Costs are adjudged against the appellants.